Daniels, J.
It will not be necessary to decide whether under sections 682 and 683 of the Code of Civil Procedure an application to discharge an attachment may as a matter of course be made upon affidavits, after a preceding motion has been heard and denied on the affidavits on which the attachment itself was issued, for the affidavits produced on behalf of the defendant, ánd those added to the case by way of answer, leave no ground for substantial doubt as to the right of the plaintiffs to the attachment which was issued in their favor. It is true that the affidavit of the defendant himself makes a reasonably fair case in his favor, and indicates that his conduct and management in his business, were actuated by good faith, and that his assignment was the result of circumstances beyond his control. But this affidavit has been overcome in its effect by others produced by way of answer to the motion, establishing as they do, a state of facts at variance with those asserted by him. The amount of goods purchased shortly before the failure and not paid for, the condition of his stock at the time of his assignment, and his conduct in the business, together with the probable amount of sales, leave no serious ground for doubting, but that he was actuated by a fraudulent intent in the purchase of the plaintiffs’ goods, and afterwards disposed of them in part, as well as other goods purchased by him, intending thereby to defraud his creditors. The manner in which the assignment was made and judgments afterwards confessed to the preferred creditors further support this conclusion, for by the assignment preferences in favor of his wife and other near relatives were made exceeding in amount the probable value of the assets transferred by the assignment. Preferences to persons in his employment were also made, in one of which there is quite a decided probability that the amount of the actual indebtedness was exceeded. And the fact that judgments were confessed in favor of his wife, and the firm in which her brothers were members, and to a brother of his own, indicate the existence of a conviction upon the part of the assignor that the assignment probably could not be sustained, and that these judgments were confessed for more effectually providing for the apportionment of his property to the use and benefit of his relatives.
*449 The amount of the alleged indebtedness to his wife is still left so -far unsupported as not to entitle the fact to be assumed in the disposition of this appeal, for the check stated to have been issued to ■ her is denied to be the one exhibited by him near the time of his marriage, which he alleged had been given to him in consideration of such marriage. The entry in the books relating to the alleged indebtedness to his wife subjects his claim to still further suspicion, for that appears under a date preceding the date of the check produced and annexed to the affidavit of Max Schoenfeld. The defendant’s conduct in the purchase of the tobacco from Levy in the latter part of September, 1885, also very manifestly exhibits the disposition on his part of obtaining property and disposing of it out of the course of business to realize its value and appropriate such value to his own use. As to that his representations were that he required the tobacco because he had made a sale of a large portion of it, while there is reason to believe that this was entirely untrue, as he, early in the following month, pledged nearly all of it to obtain money upon it. The case is one reflecting no credit upon the defendant in his dealings, for it indicates that his purpose through the fall was to obtain more goods than he previously had purchased, to defraud the vendors out of the price, and to appropriate the property, or its value, in a large degree to his own benefit and the benefit of his near relatives. It has been objected that what he said in the way of representations is not admissible in this proceeding, but as the application was by himself to vacate and set aside the attachment there is clearly no ground for this objection to rest upon. The case was disposed of as it should be by the special term, and the order appealed from should be affirmed, with ten dollars costs and also the disbursements.
1 Davis and Brady, JJ., concur.